UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | CHAPTER 13 |
| CHRISTINA FOX : | CASE NO. 25-12886-djb |
|         Debtor : | |
| : | |
| : | |
| : | |
| **WILMINGTON SAVINGS FUND SOCIETY,** : | |
| **FSB, d/b/a WSFS MORTGAGE** | |
|         Movant : | |
| : | |
|         v. : | |
| Christina Fox : | |
|         Respondent : | |
| : | |

## MOTION OF WILMINGTON SAVINGS FUND SOCIETY TO DISMISS CHAPTER 13 BANKRUPTCY

Wilmington Savings Fund Society ("Movant"), by its counsel, hereby moves to dismiss this Chapter 13 bankruptcy, and in support thereof states as follows:

1. On or about June 18, 2021, Plaintiff loaned Defendants the principal sum of $2,775,000.00 with interest in accordance with the terms and conditions of a certain Note of even date executed by Defendants in favor of Plaintiff (the "Note"). The Note was executed by both Defendants.

2. The Note is secured by a Mortgage executed by both Defendants (the "Mortgage"), granting Mortgage Electronic Registration Systems, Inc., as nominee for Wilmington Savings Fund Society, FSB, d/b/a WSFS Mortgage a mortgage lien on real estate located at 38 Harrison Drive, Newtown Square, PA 19073 (the "Property"). The Mortgage was recorded on July 17, 2021 with the Delaware County Recorder of Deeds in Book 6716, Page 4105.

1

3. The Mortgage was assigned from Mortgage Electronic Registration Systems, Inc., as nominee for Wilmington Savings Fund Society, FSB, d/b/a WSFS Mortgage to Plaintiff. Said Assignment of Mortgage was recorded on April 23, 2024 with the Delaware County Recorder of Deeds in Book 6970, Page 1535.

4. As a result of the failure to make payments due under the Note, Plaintiff filed a Complaint in Mortgage Foreclosure against the above-captioned Defendants.

5. After Defendant filed an Answer to the mortgage foreclosure complaint, and after Plaintiff's discovery, Plaintiff filed a Motion for Summary Judgment because Plaintiff was of the view, based on the Answer and the responses to Plaintiff's discovery, that Defendant had raised no issues of material fact.

6. Defendant opposed the Motion for Summary Judgment.

7. On January 30, 2025, an Order was entered granting summary judgment in favor of Plaintiff and against Defendants for foreclosure of the Property in the amount of $2,761,500.45. A true and correct copy of the Order is attached hereto as Exhibit "A". Said Order was reduced to judgment pursuant to a Praecipe to Reduce Order to Judgment filed on April 9, 2025 signed by the court on the same day. See Exhibit "B" attached hereto.

8. Interest continues to accrue on the judgment at the per diem rate of $285.82 from October 8, 2025 to the present. That means that, as of July 24, 2025, the amount of the judgment has increased by $82,887.80, for a total of $2,844,388.25.

9. Prior to the entry of the summary judgment Order, Defendants were represented by another law firm, but then they switched counsel, to the firm of Silverang, Rosenzweig &

Haltzman, LLC.

10. The new firm then filed a Motion for Reconsideration which was denied by the court.

11. A foreclosure sale of the subject property was scheduled in Delaware County for July 18, 2025.

12. The day before the subject sale, Counsel for the Defendants filed a Motion to postpone the sale. That Motion was denied.

13. Then, approximately an hour before the Sheriff's Sale, Ms. Fox filed the present Chapter 13 bankruptcy petition. (Even though the point person on this matter has been Mr. Fox all along, and he was the one who appeared at the hearing on the Motion to postpone the Sheriff's Sale, the decision was made to put Ms. Fox into bankruptcy as opposed to Mr. Fox. While the motivation for this cannot be stated with certainty, it may be speculated that Mr. Fox has no "regular income" as required by Section 109(e) of the Bankruptcy Code.)

14. Plaintiff has filed a Motion to Reassess damages because Plaintiff advanced $47,879.74 for property taxes as well as $26,612.30 for property insurance. In addition, because of the heavy litigation of this matter by the various attorneys for the Defendants, the legal fees totaled $29,408.33 and the costs totaled $3,930.83. (Those fees and costs are now higher due to the continuing vigorous opposition by Defendants since the Motion was filed.)

15. Based on the foregoing Motion to Reassess damages, the new judgment amount as of July 10, 2025, if the Motion is granted, would be $2,945,877.97, with per diem interest

accruing from and after July 11, 2025 at the rate of $285.82 per day, comprised as follows:

| | |
|---|---:|
| Existing judgment amount, with balance good through 10/7/2024: | $2,761,500.45 |
| Interest from 10/8/24 through 7/10/25: | $78,886.32 |
| Escrow advance for tax payment: | $47,879.74 |
| Escrow advance for property insurance: | $26,612.30 |
| Additional attorneys' fees: | $27,968.33 |
| Additional legal costs: | $3,030.83 |
| **Total Sum Due** | **$2,945,877.97** |

16. Section 109(e) of the Bankruptcy Code provides as follows:

   Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated debts of less than $2,750,000 or an individual with regular income and such individual's spouse, except a stockbroker or commodity broker, that oh, on the date of the filing of the petition, noncontingent, liquidated debts that aggregate less than $2,750,000 may be a debtor under Chapter 13 of this title.

17. This Debtor is plainly ineligible for Chapter 13. First and foremost, based on the Summary Judgment Order attached as Exhibit A, and the Praecipe reducing said Order to judgment attached hereto as Exhibit B, this Debtor is already over the minimum threshold for Chapter 13, even without considering (1) the ongoing per diem interest, (2) the filed Motion for Reassessment of Damages, and (3) whatever other unsecured claims may exist against this Debtor. Movant's claim, all by itself, is already a noncontingent liquidated debt in excess of $2,750,000.

18  On May 12, 2025, Defendants filed an appeal of the Summary Judgment Order, which is still pending. Case No. 1228 EDA 2025.

19. However, for two reasons, that pending appeal has no bearing on whether or not this Debtor is eligible for Chapter 13. First, it has universally been held by every Bankruptcy Court that has analyzed this issue, including in Pennsylvania, that the mere filing does not

  make a debt either contingent or unliquidated for purposes of Section 109(e).  See e.g., In re Corson, 2004 WL 5865045 (Bankr. E.D. Pa. 2004)( "a state court judgment entered prepetition against a debtor will render the claim noncontingent and liquidated, even if on appeal."); In re Slomnicki, 250 B.R. 531 (Bankr. W.D. Pa 2000); In re Ibbott, 2022 WL 699380 (Bankr. D. Md. 2022)( "The Court found ample case law holding that a debt arising from a judgment is not rendered contingent or unliquidated simply because it may be subject to modification or reversal on appeal after the petition date."); In re Rohl, 298 B.R. 95 (Bankr. D. Mi. 2003)( "The Court concludes that the debts are not rendered either contingent or unliquidated simply because the Debtor had filed appeals of the judgments.").

20.  Moreover, even aside from the fact that the pending appeal makes no difference as to the eligibility requirements under Section109(e), it appears that the Superior Court may be poised to dismiss the appeal anyway. On July 23, 2025, the Superior Court entered the following Order:

> Upon consideration of the notice of appeal and docketing statement filed by Appellants Joseph L. Fox and Christina O. Fox, defendants below, the appeal is taken from the purported entry of judgment by praecipe on April 14, 2025. Summary judgment, however, was entered on February 6, 2025, as was Rule 236 notice of this order. The final appealable order in this matter was the order granting summary judgment. This Court has previously advised "the bar to be wary of a common pitfall: the appeal must be filed within thirty days of the Rule 236 notice of summary judgment, not a later-filed praecipe to enter judgment." Gartland v. Rosenthal, 850 A.2d 671, 672 n.1 (Pa.Super. 2004).
>
> Accordingly, Appellants are DIRECTED to show cause, in the form of a response letter filed of record in this Court with a copy served on Appellee, as to why the appeal should not be quashed. The response letter shall be filed of record in this Court within fourteen(14) days from the date of this Order.

21. As of the date hereof, the Appellants have not yet responded to the Rule to Show Cause.

22. Even aside from the foregoing, it is by no means clear that Ms. Fox has "regular income" as required by Section 109(e) of the Bankruptcy Code. She has not yet filed her Schedules and Statements.

WHEREFORE, for all of the foregoing reasons, it is requested that Movant's Motion be granted and that the Debtor's Chapter 13 bankruptcy petition be dismissed for lack of eligibility.

**WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY LLP**

_/s/ Peter E. Meltzer_
Peter E. Meltzer, Esquire
Weber Gallagher
2000 Market Street, 13th Floor
267-295-3363

Dated: July 29, 2025                                Attorney for Plaintiff

# EXHIBIT "A"

**WEBER GALLAGHER SIMPSON**
**STAPLETON FIRES & NEWBY, LLP**
By: Peter E. Meltzer
Identification No.: 39828
By: Sarah A. Elia
Identification No.: 206946
2000 Market Street, 13th Floor
Philadelphia, PA 19103
(267) 295-3364                                              Attorneys for Plaintiff

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB: d/b/a WSFS MORTGAGE | COURT OF COMMON PLEAS DELAWARE COUNTY NO. CV-2024-004313 |
| v. | |
| JOSEPH L. FOX, CHRISTINA FOX AND UNITED STATES OF AMERICA | |

**Praecipe for Judgment**

To the Prothonotary:

Enter in rem judgment in the sum of $2,761,500.45 in favor of the Plaintiff WILMINGTON SAVINGS FUND SOCIETY, FSB d/b/a WSFS MORTGAGE and against Defendant UNITED STATES OF AMERICA because of defendant's failure to file an answer to the Complaint, and assess damages as follows:

| | |
|---|---|
| Amount claimed in the Complaint: | $2,707,766.29 |
| Interest from 4/2/24 to 10/7/24: | $53,734.16 |
| Per diem interest from and after 10/8/24 at $285.82 per day: | $ |
| REAL DEBT | $2,761,500.45 |

/s/ Sarah Elia
Sarah A. Elia, Esquire
Attorney for Plaintiff

**ASSESSMENT OF DAMAGES**

AND NOW, this _9_ day of _April_, 2025, damages are assessed as above.

_Mary J. Walk_
Prothonotary

# EXHIBIT "B"

2025-05130-CT

WEBER GALLAGHER SIMPSON
STAPLETON FIRES & NEWBY, LLP
By: Peter E. Meltzer
Identification No.: 39828
By: Sarah A. Elia
Identification No.: 206946
2000 Market Street, 13th Floor
Philadelphia, PA 19103
(267) 295-3364                                              Attorneys for Plaintiff

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB d/b/a WSFS MORTGAGE | COURT OF COMMON PLEAS DELAWARE COUNTY NO. CV-2024-004313 |
| v. | |
| JOSEPH L. FOX, CHRISTINA FOX AND UNITED STATES OF AMERICA | |

## Praecipe to Reduce Order to Judgment

To the Prothonotary:

Pursuant to the Order dated January 30, 2025 granting summary judgment, enter in rem judgment in the sum of $2,761,500.45 in favor of the Plaintiff WILMINGTON SAVINGS FUND SOCIETY, FSB d/b/a WSFS MORTGAGE and against Defendants, JOSEPH L. FOX and CHRISTINA FOX, and assess damages as follows:

| | |
|---|---|
| Amount claimed in the Complaint: | $2,707,766.29 |
| Interest from 4/2/24 to 10/7/24: | $53,734.16 |
| Per diem interest from and after 10/8/24 at $285.82 per day: | $ |
| **REAL DEBT** | **$2,761,500.45** |

/s/ Sarah Elia
Sarah A. Elia, Esquire
Attorney for Plaintiff

## ASSESSMENT OF DAMAGES

AND NOW, this 9 day of April, 2025, damages are assessed as above.

*Mary J. Walsh*
Prothonotary

FILED
04-09-2025 02:17 PM
OFFICE OF JUDICIAL SUPPORT
DELAWARE COUNTY, PA